989 So.2d 303 (2008)
Juanita ELLERBE, Plaintiff-Appellee
v.
ALBERTSONS, INC., Defendant-Appellant.
No. 43,452-CA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
*304 Cook, Yancey, King & Galloway, A Professional Law by Samuel W. Caverlee, Jason B. Nichols, Shreveport, for Appellant, Corporation Albertsons, Inc.
Newman and Oliveaux, LLP by Todd G. Newman, Trey N. Magee, Monroe, for Appellee, Juanita Ellerbe.
Law Offices of Jeff R. Rytlewski by Joseph H. Garbarino, Lafayette, for Appellee, Rose Mary and Associates, Inc.
Before BROWN, DREW and LOLLEY, JJ.
DREW, J.
Juanita Ellerbe filed suit against Albertsons, Inc., claiming that she was injured when she slipped in a liquid on the floor near a food sample demonstration at an Albertsons grocery store in Monroe. In its answer, Albertsons asserted in the alternative that the injuries were caused by third persons over whom it had no authority and control, including Rose Mary and Associates, Inc. ("RMA"), the company which Albertsons contended handled the demonstration.
Albertsons removed this matter to the U.S. District Court for the Western District of Louisiana on the basis of diversity of citizenship of the parties and the amount in controversy. The federal court granted Ellerbe's motion for joinder to add RMA as a defendant. Because the joinder destroyed the diversity of citizenship between the parties, the matter was remanded to the 4th Judicial District Court. Following remand, Ellerbe amended her petition to add RMA as a defendant.
RMA filed a motion for summary judgment asserting that Leo Phillips, who conducted the food demonstration, was an independent contractor, not its employee. Submitted in support of the motion for summary judgment were the following:
 an affidavit from Michele Andrews, Vice President of RMA;
 an invoice indicating Phillips' pay;

*305  the contract between RMA and Phillips;
 Phillips' request for a taxpayer identification number; and
 a PromoReports Form filled out by Phillips following the demonstration.[1]
Andrews stated in her affidavit that: (1) no officer or employee of RMA was present at the store on the date of the incident; (2) RMA contracted with Phillips to demonstrate food supplied by Albertsons on November 20, 2004, the date of the alleged incident; (3) Phillips was not an employee of RMA, but was an independent contractor who contracted with RMA to do food demonstrations at grocery stores; (4) RMA paid Phillips a flat rate of $55 for the job; (5) the contract was not terminable by the will of either RMA or Phillips, and Phillips had no promise of future work assignments; (6) Phillips received an IRS Form 1099 from RMA for 2004, and payments to him for that year totaled $1,020; (7) Phillips received no benefits from RMA, and no taxes were withheld from his payments from RMA; (8) Phillips provided his own tools and equipment, and Albertsons supplied the food items; and (9) Phillips was not supervised by anyone from RMA.
Submitted in opposition to the motion were an "Albertsons In-Store Sampling Training Manual" that was provided to Phillips for the demonstration, and an excerpt from Andrews' deposition.
Andrews explained during her deposition that RMA offers in-store events to grocery stores. The food is served in souffle cups, which are provided to RMA by PromoWorks, a marketing company. PromoWorks sends the In-Store Sampling Training Manual ("Manual") to RMA, which gives it to the person working the event. RMA also receives an event kit which is given to the demonstrator. The demonstrator, not RMA, contacts the store three days before the demonstration.
Concluding that Albertsons controlled the work of Phillips, the trial court granted the motion for summary judgment. Albertsons appeals. Ellerbe adopts the position of Albertsons in this appeal.

DISCUSSION
A motion for summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App. 2d Cir.8/21/96), 679 So.2d 477.
Generally, masters and employers are answerable for the damage occasioned by their servants and overseers in the exercise of the functions in which they are employed. See La. C.C. art. 2320. In contrast, a principal generally is not liable for the offenses committed by an independent contractor while performing its contractual duties. Ledent v. Guaranty Nat. Ins. Co., 31,346 (La.App. 2d Cir.12/28/98), 723 So.2d 531.
The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis. Tower Credit, Inc. v. Carpenter, 2001-2875 (La.9/4/02), 825 *306 So.2d 1125. The contract between RMA and Phillips stated that Phillips was an independent contractor. However, that is not dispositive of the issue, as that designation is not binding or controlling on the rights of third parties. See Hughes v. Goodreau, 2001-2107 (La.App. 1st Cir.12/31/02), 836 So.2d 649, writ denied, XXXX-XXXX (La.4/21/03), 841 So.2d 793.
The supreme court has found the following factors to be relevant in determining whether the relationship of principal and independent contractor exists: (1) there is a valid contract between the parties; (2) the work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it; (3) the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction of the principal, except as to the result of the services to be rendered; (4) there is a specific price for the overall undertaking agreed upon; and (5) the duration of the work is for a specific time and not subject to termination or discontinuance at the will of either side without a corresponding liability for its breach. Hickman v. Southern Pac. Transport Co., 262 La. 102, 262 So.2d 385 (1972).
The most important inquiry is whether the principal retained the right to control the work. When applying this test, it is not the supervision and control actually exercised that is significant; the important question is whether, from the nature of the relationship, the right to do so exists. Hickman, supra; Ledent, supra.
At the behest of Albertsons, PromoWorks prepared an "Albertsons In-Store Sampling Training Manual" to guide the demonstrators. It was given to RMA, which in turn sent it to Phillips prior to the demonstration. The Manual told Phillips the particular food products that he was to demonstrate.[2] The Manual, which comprised three pages, contained sections titled:
 Kit Contents.
 Distribution Goals.
 Demo Shopping List.
 Store and Product Pre-Check.
 What to Bring to the Demo.
 What to Wear.
 On-Site Demonstration Preparation Checklist.
 Product Features and Benefits.
 Executing the Demo.
 End of the Day.
The kit contained gloves, serving bowls, toothpicks, and napkins. Albertsons provided the food products. Among the items that Phillips was required to bring were a table, pencil, apron, tablecloth, cutting board, serving tray, electric skillet, tape, bread knife, and ice chest.
The Manual gave written instruction to Phillips on how to prepare for the demonstration and to execute it. In particular, he was instructed to:
 Arrive at the store and introduce himself to the Grocery Manager.
 Determine if there is a product display to set up his table next to, and if there is not one, to build one.
 Take an inventory of the product.
 Enthusiastically intercept consumers.
 Offer samples of products and inform the consumers of the features and benefits of the products, and give them a coupon.

*307  Learn the price of the products so he could inform the consumers.
 Move the demo to the employee break room for a private employee sampling.
 Not leave the samples or coupons unattended, and to not serve samples that had been on the table for more than 15 minutes.
 Not give the samples directly to children.
 Clean up and break down the table at the conclusion of the demonstration.
 Complete a Demo Report Form, have it stamped and signed by a store manager, and then mail it to his agency.
The Manual was even so hyperspecific as to tell Phillips exactly how to prepare the samples for the demonstration.[3]
Applying the relevant Hickman factors, we note that there was a contract between RMA and Phillips, Phillips was hired on a per-demonstration basis, and he was paid a set fee of $55 for the Albertsons demonstration at issue. Phillips was required to bring many of his own items to the store. Most importantly, we note that RMA did not retain control over how Phillips was to execute the demonstration. In fact, as clearly displayed in the Manual, that control was retained and used by Albertsons. Although RMA may have required that Phillips abide by its terms, those were terms that were set by Albertsons, not by RMA.
There are no material facts in dispute. Rather, the dispute is whether, as a matter of law, the facts as presented established that Phillips was an independent contractor, which they do. Accordingly, we conclude that the trial court committed no error in granting RMA's motion for summary judgment.

CONCLUSION
At the costs of Albertsons, the judgment is AFFIRMED.
NOTES
[1] The PromoReports Form required Phillips to respond to approximately 29 questions about the demonstration, such as the number of samples and coupons he distributed.
[2] In this instance, Essensia Pasta Penne Rigate, Essensia Pasta Sauce Primavera, Albertsons French Bread, and Albertsons Ready in Seconds Meatballs.
[3] "Pour the Essensia Primavera Pasta sauce in your electric skillet. Place frozen Albertsons Ready in Seconds Italian Meatballs in skillet with the Essensia Primavera pasta sauce and heat thoroughly over medium heat. Cut Meatballs in half. Cut Albertsons French Bread into slices and then in half or quarter. Spoon a small amount of Essensia Primavera Pasta Sauce into serving boat; add a tooth picked meatball and a small slice of Albertsons French Bread. Offer to customers."